## SUCCESSION OF McNEIL.

A judgment is not conclusive against persons, neither parties, nor privies to it.
Sec. 7 of the stat. of Mississippi of 21 February, 1840, prohibiting any bank in that State from
transferring " by endorsement or otherwise, any note, bill receivable, or other evidence of
debt," cannot be considered as prohibiting a bank from collecting its dues, by accepting pay-
ment of a note due to it, after maturity, from a third person, nor as depriving the latter of
the right to be refunded the amount out of the succession of the maker.

APPEAL from the Court of Probates of Madison, *Downes*, J.  *Amonett*, for
the appellant.  *Snyder* and *Shannon*, contrâ.  The judgment of the court
was pronounced by

KING, J.   This is a controversy between two parties, each of whom claims to
be entitled to the *pro rata* dividend, declared, on a tableau of distribution of the
succession of *Alexander McNeil*, deceased, to be applicable to a note of which
the deceased was the maker.   It appears from the evidence that *McNeil* was
the maker of a note for $16,216 66, secured by mortgage, which was endorsed

SUCCESSION
OF
MCNEIL.

by *O. B. Cobb*, and discounted by the Commercial and Railroad Bank of Vicks-burg, for the use of the latter. *Erwin*, being a creditor of the bank, instituted a suit against it in a court of this State by attachment, in which he made *Lowry*, the curator of *McNeil*, a garnishee, and attached in his hands the debt, of which the note in question is the evidence. A judgment was recovered in that action against both the bank and the garnishee for $6,000, with interest. The curator subsequently presented a tableau of distribution of the funds of *McNeil's* succession, on which he placed *Erwin* as a creditor, for the amount of the judgment. *Cobb* opposed this part of the tableau, alleging that he was the owner of the note in question. Mrs. *Cobb*, who is separated in property from her husband, subsequently intervened in the proceeding, and claimed for herself the *pro rata* dividend applicable to this note, averring that it belonged to her. The probate judge sustained her claim, and decreed to her the distributive share of *McNeil's* succession applicable to the note. From that judgment *Erwin* has appealed.

The evidence establishes clearly that, after the maturity of the note, it was taken up with funds of Mrs. *Cobb's*, and for her benefit, by the husband, who acted as her agent in the transaction. But *Erwin* contends that his attachment was prior to the acquisition of the note by Mrs. *Cobb*, and that his judgment obtained in that proceeding determined his right as a creditor to be placed on the tableau, and to be paid the amount of his claim, in preference to the intervenor. He also contends that, a statute of Mississippi forbids the banks of that State from assigning their evidences of debt; that the intervenor acquired the note in contravention of this prohibitive law; and that her title to it is consequently void. Mrs. *Cobb* was not a party to the suit of *Erwin* against the bank, and the judgment which he obtained in that proceeding had not, as to her, the force of the thing adjudged. Although that judgment stood unreversed at the date of the trial below, it had not the effect of concluding her from contesting *Erwin's* claims, nor from showing her ownership of the note, and claiming the dividend of *McNeil's* succession applicable to it.

It has been suggested that, on an appeal to the Supreme Court, the judgment obtained by *Erwin* was reversed, in consequence of irregularities and defects in the proceedings. The cause had not been finally determined on the appeal, when the judgment in the present controversy was rendered; and the decree of the Supreme Court is not in evidence before us, but is reported in the 12th vol. of Robinson's Reports, p. 227. *Erwin* consequently acquired no rights under his attachment. His claim rests upon a judgment which has been reversed, and it is difficult to perceive with what object he prosecutes this appeal; for, although we are compelled, in the present state of the record, to reverse the judgment of the inferior court, it must be merely for the purpose of remanding the cause to receive in evidence the decree of the Supreme Court, in the case of *Erwin* v. *The Commercial and Railroad Bank of Vicksburg*, which will destroy the foundation on which his claim against *McNeil's* succession is based.

An isolated section of the statute of Mississippi of 1840 is in evidence, which prohibits the banks of that State from transferring their notes, bills receivable, or other evidences of debt, by endorsement or otherwise. There is nothing, however, in the law before us, which forbids those institutions from collecting their dues; and a prohibition so unreasonable is not to be presumed. In the present instance, the bank surrendered the note to one of the parties to it, who paid its amount in full. As between the bank and that party, we presume that the transaction is valid and sanctioned by the laws of Mississippi. The funds,

however, used in making the payment, belonged to a third person, and to that     <span style="float:right">Succession<br>of<br>McNeil.</span>
person the benefit of the payment must result.

For the reasons assigned the judgment of the Probate Court is reversed, and
the cause remanded for the purpose of enabling the opponent, *S. Cobb*, to offer
in evidence the decree of the Supreme Court, in the case of *James Erwin* v.
*The Commercial and Railroad Bank of Vicksburg*; the appellee paying the costs
of this appeal.